CHRISTIAN DEININGER, PROSECUTOR, v. MAYOR AND
   COUNCIL OF THE BOROUGH OF ENGLEWOOD CLIFFS
   AND BERGEN CONTRACTING COMPANY, RESPOND-
   ENTS.

Submitted January 28, 1927—Decided March 17, 1927.

1. Where both unit price bids and lump sum bids are invited the
   lump sum bid is not open to attack upon the ground of lack of a
   common standard for competition where the plans and specifica-
   tions set up a common standard as to the structures to be built,
   the quality of the work and the class and character of the ma-
   terials to be used, and provide for no change in the standard set
   up for unit price bids over that set up for lump sum bids.
2. The specifications, inviting proposals for the building of a sewage
   and disposal plant for a municipality, called upon the bidder to
   set forth such of the necessary equipment as he did not own, and
   which he intended to rent for the work, and to accompany this
   with an undertaking, signed by the owner of such equipment,
   that he would rent it to the bidder.　A bidder for the work re-
   turned with his bid an order by him for the purchase of such
   needed equipment as he did not own, with an acceptance of the
   order by a dealer in such equipment—*Held*, that this was a sub-
   stantial compliance with the requirement of the specification.

On *certiorari*.

Before Justices, PARKER, BLACK and CAMPBELL.

For the prosecutor, *J. Emil Walscheid*.

For the respondents, *William M. Seufert* and *Arthur M.
Agnew*.

The opinion of the court was delivered by

CAMPBELL, J.　The prosecutor, as a taxpayer of the bor-
ough of Englewood Cliffs, has sued out this writ to review
the action of the mayor and council of the borough of Engle-
wood Cliffs, awarding to the respondent Bergen Contracting
Company a contract for a sewage and disposal system in that
borough.

Two reasons are urged and argued why the proceedings should be set aside.

The first is, the bid of the Bergen Contracting Company is upon a basis or standard other than that fixed for the reception of bids.

The specifications contained or had attached to them a list of "equipment required." There was also attached what is entitled "Certificate of Ownership of Equipment," in which the bidder was called upon to set up what, and which, of the equipment called for he owned. There was still another certificate in which the bidder was called upon to set forth such of the required equipment as he did not own and which he intended to rent from others with an undertaking to be signed by the owner of such equipment by which he agreed to rent and lease it to the bidder.

The Bergen Contracting Company executed the first of these certificates showing that it owned certain of the required equipment. It did not execute the certificate for rental of the remainder but in place thereof attached an order of purchase for such equipment from the White Supply Company, and an acceptance of such order executed by that company.

This is the ground of attack by this reason. We conclude that prosecutor cannot prevail thereunder for three reasons:

*First,* because what the bidder did was in practical compliance with the demand made upon it. It did not own all the necessary equipment but concluded to purchase that which it was short rather than rent. No means were provided by which this information could be certified by it, and it resorted to the method before referred to.

*Second,* the value and use of these certificates were to furnish facts to the governing body upon which to base a conclusion as to the responsibility of the bidders. This seems to have legislative sanction under *Pamph. L.* 1926, *p.* 301. The responsibility of the respondent company and its ability to perform the contract are not attacked or questioned.

*Third,* the prosecutor is attacking the award of the contract as a taxpayer, and it would be against and not in the protection of his interests and that of all others as such

that the proceeding awarding the contract should be set aside. The respondent Bergen Contracting Company was the lowest of six bidders, and that by more than $19,000 over the next higher bid, on a total bid of $219,000.

The second and remaining reason is that the plans and specifications do not fix and set up a definite and certain standard for a lump sum bid.

The specifications call for unit price bids for each of the several specified classes of work based upon an engineer's estimate of quantities and also call for an alternate lump sum bid for the entire work.

Six bids were received, as follows:

|  | Unit Price | Lump Sum |
|---|---|---|
| Romano & Saggesi, Montclair, N. J. . . . . . . . . . . . | $348,293.70 | $348,090.70 |
| Herman Martin, Leonia, N. J. . | 239,364.15 | 238,775.92 |
| John J. McGarry, Edgewater, N. J. | 245.237.55 | 250,000.00 |
| G. DeKimpe, Ridgefield, N. J. . | 254,999.75 | 259,500.00 |
| Clinton Asphalt Co., Union City, N. J. . . . . . . . . | 287,247.95 | 290,000.00 |
| Bergen Contracting Co., Grantwood, N. J. . . . . . . . | 215,721.00 | 219,000.00 |

The contract was awarded to the respondent company upon its lump sum bid of $219,000.

The objection of the prosecutor under this reason is that the plans and specifications, neither separately nor collectively. show with certainty the kinds of work to be performed nor the quantities of materials to be furnished, and, therefore, a proper standard of bidding is not set up for the comparison of lump sum bids. It is argued that this being the case each bidder is allowed to use his own judgment as to the amount of both labor and material which will be required and that each bidder estimates his bid upon the basis of his own judgment and upon a basis different from that of any other bidder.

But the plans and specifications do with particularity set up a common standard both as to the structures to be built

and erected, and the quality of the work and class and character of materials to be used.

Such we deem to be the test as laid down in *Tice* v. *Long Branch,* 98 *N. J. L.* 214, and the cases therein cited and reviewed.

The specifications and plans do not pretend to make any change in the standard set up for unit price bids over that set up for lump sum bids. There is no complaint that there was not a proper competitive standard for the former, and the reasoning that none exists for the latter class of bidding does not appeal to us as being sound in either fact or law.

The proceedings under review are affirmed, and the writ of *certiorari* dismissed, with costs.